1  WRIGHT, FINLAY & ZAK, LLP
2  Dana Jonathon Nitz, Esq.
   Nevada Bar No. 0050
3  Yanxiong Li, Esq.
   Nevada Bar No. 12807
4  7785 W. Sahara Ave., Suite 200
   Las Vegas, NV 89117
5  (702) 475-7964; Fax: (702) 946-1345
6  yli@wrightlegal.net
7  *Attorneys for Plaintiff, U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2007-BNC1, Mortgage Pass-Through Certificates, Series 2007-BNC1*
8

9                    **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF NEVADA**
10

11  U.S. BANK NATIONAL ASSOCIATION, AS        Case No.:
    TRUSTEE FOR STRUCTURED ASSET
12  SECURITIES CORPORATION MORTGAGE           **COMPLAINT**
    LOAN TRUST 2007-BNC1, MORTGAGE
13  PASS-THROUGH CERTIFICATES, SERIES
    2007-BNC1,
14
                    Plaintiff,
15
16         vs.

17  SFR INVESTMENTS POOL 1, LLC, a
    domestic limited liability company; LOS
18  PRADOS COMMUNITY ASSOCIATION, a
    domestic non-profit coop corp without stock;
19  NEVADA ASSOCIATION SERVICES, INC.,
    a domestic corporation,
20
                    Defendants.
21

22

23         COMES NOW Plaintiff, U.S. Bank National Association, as Trustee for Structured

24  Asset Securities Corporation Mortgage Loan Trust 2007-BNC1, Mortgage Pass-Through

25  Certificates, Series 2007-BNC1 (hereinafter "U.S. Bank"), by and through its attorneys of

26  record, Dana Jonathon Nitz, Esq. and Yanxiong Li, Esq., of the law firm of Wright, Finlay &

27  Zak, LLP, and hereby files this civil action against SFR Investments Pool I, LLC; Los Prados

28  Community Association; Nevada Association Services, Inc. (hereinafter "Defendants").

**PARTIES, JURISDICTION AND VENUE**

**1.** The real property at issue is known as 5404 Singing Hills Drive, Las Vegas, Nevada 89130, APN: 125-36-113-002 (hereinafter, the "Property").

**2.** The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as U.S. Bank is a "citizen[] of [a] different State[]" from all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has original federal question jurisdiction under 28 U.S.C. § 1331 because U.S. Bank is asserting civil claims arising under the Constitution, laws, or treaties of the United States.

**3.** Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendants reside in this district; a substantial part of the events or omissions giving rise to U.S. Bank's claims occurred in this district; and the Property that is the subject of this action is situated in this district, in Clark County, Nevada.

**4.** U.S. Bank is a national banking association organized under the laws of the United States with its main office in Ohio.

**5.** U.S. Bank is now and at all times relevant herein, the assigned Beneficiary under a Deed of Trust signed by Salvatore A. Moncada and Mary M. Moncada, and recorded on June 8, 2007, (hereinafter "Deed of Trust"), which encumbers the Property and secures a promissory note.

**6.** Upon information and belief, Defendant SFR Investments Pool 1, LLC ("SFR") is a Nevada limited-liability company and claims to be the current titleholder of the Property.

**7.** Upon information and belief, Defendant Los Prados Community Association ("HOA") is a Nevada non-profit corporation and was the HOA that foreclosed on the Property.

**8.** Upon information and belief, Defendant Nevada Association Services, Inc. ("HOA Trustee") is Nevada corporation and was the agent who foreclosed on the Property on behalf of the HOA.

**9.** Upon information and belief, HOA Trustee was the agent of the HOA, and the HOA is responsible for their acts and omissions under the doctrine of respondeat superior.

10.    In accordance with NRS Chapter 38.310, U.S. Bank filed a Nevada Real Estate Division Alternative Dispute Resolution (hereinafter, "NRED") claim on or about September 21, 2015, and named HOA and HOA Trustee as Respondents.

11.    HOA submitted a Response on May 12, 2016 to U.S. Bank's NRED claim.  HOA Trustee has not submitted any response to date.

12.    NRED Mediation was scheduled and completed on November 18, 2016 in which U.S. Bank and HOA participated and reached an impasse.

## GENERAL ALLEGATIONS

13.    On or about April 13, 1993, Salvatore A. Moncada obtained the Property.[1]

14.    On or about April 17, 2006, Salvatore A. Moncada granted the Property to Salvatore A. Moncada and Mary M. Moncada ("Moncada").[2]

15.    The Deed of Trust executed by Moncada  identified BNC Mortgage, Inc. as the Lender, Mortgage Electronic Registration Systems, Inc. (MERS) as the Beneficiary, and T.D. Service Company as the Trustee, and secured a loan in the amount of $344,250.00 (hereinafter "Moncada Loan").[3]

16.    On May 26, 2010, an Assignment of Deed of Trust was recorded by which all beneficial interest under the Deed of Trust was assigned to U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2007-BNC1, Mortgage Pass-Through Certificates, Series 2007-B.[4]

///

///

---

[1] A true and correct copy of the Quitclaim Deed recorded in the Clark County Recorder's Office as Book and Instrument Number 930413-01013 is attached to U.S. Bank's Complaint as **Exhibit 1**.  All other recordings stated hereafter are recorded in the same manner.

[2] A true and correct copy of the Grant Deed recorded as Book and Instrument Number 20060425-0003334 is attached hereto as **Exhibit 2.**

[3] A true and correct copy of the Deed of Trust recorded as Book and Instrument Number 20070608-0000660 is attached to U.S. Bank's Complaint as **Exhibit 3.**

[4] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 20100526-0003078 is attached hereto as **Exhibit 4**.

**17.** On July 17, 2013, a Corrective Assignment of Deed of Trust was recorded by which all beneficial interest under the Deed of Trust was assigned to U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2007-BNC1, Mortgage Pass-Through Certificates, Series 2007-BNC1.[5]

**18.** On March 16, 2011, a Notice of Delinquent Assessment Lien was recorded against the Property by the HOA Trustee, on behalf of the HOA, stating that the amount due as of March 14, 2011 was $1,450.50.[6]

**19.** On May 9, 2011, a Notice of Default and Election to Sell was recorded against the Property by the HOA Trustee on behalf of the HOA, stating that the amount due as of May 3, 2011 was $2,751.25.[7]

**20.** Public records show that on October 17, 2011, a Notice of Foreclosure Sale was recorded against the Property by the HOA Trustee, stating that the amount due as of time of initial publication was $4,711.92.[8]

**21.** Public records show that on April 5, 2013, a second Notice of Foreclosure Sale was recorded against the Property by the HOA Trustee, stating that the amount due as of time of initial publication was $9,117.57.[9]

**22.** Upon information and belief, a non-judicial foreclosure sale occurred on April 26, 2013 (hereinafter, the "HOA Sale"), whereby, according to the Foreclosure Deed, SFR acquired its interest, if any, in the Property for $19,000.00.[10]

---

[5] A true and correct copy of the Corrective Assignment of Deed of Trust recorded as Book and Instrument Number 20130717-0002934 is attached hereto as **Exhibit 5**.

[6] A true and correct copy of the Notice of Lien recorded as Book and Instrument Number 20110316-0004476 is attached to U.S. Bank's Complaint as **Exhibit 6.**

[7] A true and correct copy of the Notice of Default recorded as Book and Instrument Number 20110509-0001198 is attached to U.S. Bank's Complaint as **Exhibit 7.**

[8] A true and correct copy of the Notice of Foreclosure Sale recorded as Book and Instrument Number 201304050002096 is attached hereto as **Exhibit 8.**

[9] A true and correct copy of the Notice of Foreclosure Sale recorded as Book and Instrument Number 201304050002096 is attached hereto as **Exhibit 8.**

[10] A true and correct copy of the Foreclosure Deed recorded as Book and Instrument Number 20130429-0001692 is attached to U.S. Bank's Complaint as **Exhibit 9.**

23.      *SFR Investments Pool 1 v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), should not be applied retroactively to permit non-judicial foreclosure proceedings, such as the one involved herein, under NRS 116.3116 et seq., which was noticed and commenced prior to September 18, 2014, to operate to extinguish the Deed of Trust or render it subordinate to U.S. Bank's interest, if any.

24.      A homeowner's association sale conducted pursuant to NRS Chapter 116 must comply with all notice provisions as stated in NRS 116.31162 through NRS 116.31168 and NRS 107.090.

25.      A lender or holder of a senior deed of trust, such as U.S. Bank and its predecessors-in-interest in the Deed of Trust, has a right to cure a delinquent homeowner's association lien in order to protect its interest.

26.      Further the Amended and Restated Declaration of Covenants, Conditions and Restrictions for Los Prados ("CC&Rs")[11] require reasonable notice of delinquency to all lien holders on the Property.

27.      Upon information and belief, the HOA and its agent, the HOA Trustee, did not comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168, or as required by the CC&Rs.

28.      A recorded notice of default must "describe the deficiency in payment."

29.      The above-identified Notice of Default did not properly "describe the deficiency in payment" in violation of NRS Chapter 116.

30.      The HOA assessment lien and foreclosure notices included improper fees and costs in amount demanded.

31.      The HOA Sale occurred without notice to U.S. Bank, or its predecessors, agents, servicers or trustees, what proportion whether any amount of the HOA lien included a super-priority amount.

---

[11] A true and correct copy of the current HOA CC&R's recorded as Book and Instrument Number 860529-00737 is attached hereto as **Exhibit 10**.

**32.** The HOA Sale occurred without notice to U.S. Bank, or its predecessors, agents, servicers or trustees, whether the HOA was foreclosing on the "super-priority" portion of its lien, if any, or under the non-super-priority portion of the lien.

**33.** The HOA Sale occurred without notice to U.S. Bank, or its predecessors, agents, servicers or trustees, of a right to cure the delinquent assessments and the super-priority lien, if any.

**34.** The HOA Sale violated U.S. Bank's rights to due process because U.S. Bank was not given proper, adequate notice and the opportunity to cure the deficiency or default in the payment of the HOA's assessments and the super-priority lien, if any.

**35.** The HOA Sale was an invalid sale and could not have extinguished U.S. Bank's secured interest because of defects in the notices given to U.S. Bank, or its predecessors, agents, servicers or trustees, if any.

**36.** Under NRS Chapter 116, a lien under NRS 116.3116(1) can only include costs and fees that are specifically enumerated in the statute.

**37.** A homeowner's association may only collect as a part of the super priority lien (a) nuisance abatement charges incurred by the association pursuant to NRS 116.310312 and (b) nine months of common assessments which became due prior to the institution of an action to enforce the lien.

**38.** Upon information and belief, the HOA Foreclosure Notices included improper fees and costs in the amount demanded.

**39.** The attorney's fees and the costs of collecting on a homeowner's association lien cannot be included in the super-priority lien.

**40.** Upon information and belief, the HOA assessment lien and foreclosure notices included fines, interest, late fees, dues, attorney's fees, and costs of collection that are not properly included in a super-priority lien under Nevada law and that are not permissible under NRS 116.3102 et seq.

///

///

**41.** The HOA Sale did not comply with NRS 116.3102 et seq. because none of the aforementioned notices identified above identified what portion of the claimed lien were for alleged late fees, interest, fines/violations, or collection fees/costs.

**42.** The HOA Sale deprived U.S. Bank of its right to due process because the foreclosure notices failed to identify the super-priority amount, to adequately describe the deficiency in payment, to provide U.S. Bank notice of the correct super-priority amount, and to provide a reasonable opportunity to satisfy that amount.

**43.** The HOA Sale is unlawful and void because the "opt-in" provision in NRS 116.3116 does not satisfy Constitutional Due Process safeguards under the 5th and 14th Amendment to the United States Constitution, nor Clause 1, Section 8, of the Nevada Constitution, so that the statute is unconstitutional on its face.

**44.** The HOA Sale is unlawful and void because the statutory scheme set forth in NRS 116.3116, et seq. constitutes a regulatory taking of private property without adequate compensation.

**45.** Alternatively, the sale itself was valid but SFR took its interest subject to U.S. Bank's first position Deed of Trust.

**46.** NRS Chapter 116 is unconstitutional on its face as it lacks any express requirement for the HOA or its agents to provide notice of a foreclosure to the holder of a first deed of trust or mortgage.

**47.** NRS Chapter 116 is unconstitutional on its face as it lacks any express requirement for the HOA or its agents to provide notice of the super-priority amount, if any, to the holder of a first deed of trust or mortgage to accept tender of the super-priority amount or any amount from the holder.

**48.** NRS Chapter 116 is unconstitutional on its face due to vagueness and ambiguity.

**49.** The HOA Sale denied U.S. Bank of its right to due process because the foreclosure notices failed to identify that an attempt to pay the super-priority amount had been made.

///

**50.**    A homeowner's association sale must be done in a commercially reasonable manner.

**51.**    At the time of the HOA Sale, the amount owed on the Moncada Loan exceeded $353,235.56.

**52.**    Upon information and belief, at the time of the HOA Sale, the fair market value of the Property exceeded $230,000.00.

**53.**    The amount paid at the HOA Sale allegedly totaled $19,000.00.

**54.**    The HOA Sale was not commercially reasonable, and the HOA Sale was not done in good faith, in light of the sale price, and the market value of the Property, and the errors alleged above.

**55.**    The circumstances of the HOA Sale of the Property breached the HOA's obligations of good faith under NRS 116.1113 and its duty to act in a commercially reasonable manner.

**56.**    The HOA Sale by which SFR took its interest was commercially unreasonable if it extinguished U.S. Bank's Deed of Trust.

**57.**    In the alternative, the HOA Sale was an invalid sale and could not have extinguished U.S. Bank's secured interest because it was not a commercially reasonable sale.

**58.**    Without providing U.S. Bank, or its predecessors, agents, servicers or trustees, notice of the correct super-priority amount and a reasonable opportunity to satisfy that amount, including its failure to identify the super-priority amount and its failure to adequately describe the deficiency in payment as required by Nevada law, the HOA Sale is commercially unreasonable and deprived U.S. Bank of its right to due process.

**59.**    Pursuant to NRS 116.31162(1) an association may only proceed with foreclosure under NRS 116.31162-116.31168 if the declaration or CC&Rs so provide.

**60.**    The CC&Rs for the HOA provide in Article VI, Section 1, "Notwithstanding all other provisions hereof, liens created under this Article VI upon any Lot, Unit or Parcel for delinquent common area expense assessments…shall be subject and subordinate to, and shall not affect the rights of, the mortgagee under any first mortgage upon such Lot, Unit or

Parcel…provided such mortgage was recorded before the delinquent assessment was due." (hereinafter, "Mortgagee Protection Clause")[12]

61.     Because the recorded CC&Rs contained a Mortgagee Protection Clause, and because U.S. Bank, or its predecessors, agents, servicers or trustees, were not given proper notice that the HOA intended to foreclose on the super-priority portion of the dues owe, U.S. Bank did not know that it had to attend the HOA Sale to protect its security interest.

62.     Because the recorded CC&Rs contained a Mortgagee Protection Clause, and because proper notice that the HOA intended to foreclose on the super-priority portion of the dues owing was not given, prospective bidders did not appear for the HOA Sale, making the HOA Sale commercially unreasonable.

63.     Defendants knew that U.S. Bank would rely on the Mortgagee Protection Clause contained in the recorded CC&Rs which are of public record, and knew that U.S. Bank would not know that HOA was foreclosing on super-priority amounts because of the failure of HOA and HOA Trustee to provide such notice.  U.S. Bank's absence from the HOA Sale allowed SFR to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

64.     Defendants knew that prospective bidders would be less likely to attend the HOA Sale because the public at large believed that U.S. Bank was protected under the Mortgagee Protection Clause in the CC&Rs of public record, and that the public at large did not receive notice, constructive or actual, that the HOA was foreclosing on a super-priority portion of its lien because HOA and HOA Trustee improperly failed to provide such notice.  The general public's belief therefore was that a SFR at the HOA Sale would take title to the Property subject to U.S. Bank's Deed of Trust.  This general belief resulted in the absence of prospective bidders at the HOA Sale, which allowed SFR to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

///

///

------

[12] Id.

**65.**    Upon information and belief, SFR is in the business of buying and selling real estate and/or is otherwise a professional property purchaser, and either knew or should have known of defects with the HOA Sale based on the sales price, among other factors.

**66.**    The circumstances of the HOA Sale of the Property and SFR's status as a professional property purchaser prevent SFR from being deemed a bona fide purchaser for value.

**67.**    Upon information and belief, SFR had actual, constructive or inquiry notice of U.S. Bank's first Deed of Trust, and the CC&Rs including the Mortgage Protection Clause which prevents SFR from being deemed a bona fide purchaser or encumbrancer for value.

**68.**    Upon information and belief, SFR knew or should have known that it would not be able to obtain insurable title to the Property as a result of the HOA Sale.

**69.**    As a direct and proximate result of the foregoing, SFR is not entitled to bona fide purchaser protection.

**70.**    In the event U.S. Bank's interest in the Property is not reaffirmed nor restored, U.S. Bank will have suffered damages in the amount of the fair market value of the Property or the unpaid balance of the Moncada Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater, as a proximate result of Defendants' acts and omissions.

### <u>FIRST CAUSE OF ACTION</u>

**(Quiet Title/Declaratory Relief Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq., and NRS 40.010 et seq. versus all Defendants)**

**71.**    U.S. Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

**72.**    Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq., and NRS 40.010, this Court has the power and authority to declare U.S. Bank's rights and interests in the Property and to resolve Defendant's adverse claims in the Property.

**73.**    Further, pursuant to NRS 30.010 et seq., this Court has the power and authority to declare the rights and interests of the parties following the acts and omissions of the HOA and HOA Trustee in foreclosing the Property.

**74.** U.S. Bank's Deed of Trust is the first secured interest on the Property as intended by and whose priority is protected by NRS 116.3116(2)(b).

**75.** Upon information and belief, SFR claims an interest in the Property through a Foreclosure Deed recorded in the Clark County Recorder's Office as Book and Instrument Number 20130429-0001692 that is adverse to U.S. Bank's interest.

**76.** U.S. Bank is the current beneficiary under the Deed of Trust and the Moncada Loan and is entitled to enforce its interest and first position status in the chain of title against SFR, or any successor in interest, for the reasons alleged herein.

**77.** Because the CC&Rs and the Mortgage Protection Clause did not provide the HOA with authority to foreclose on the Property, the HOA Sale could not have extinguished the Deed of Trust or displaced it from its first position status in the chain of title, such that SFR took subject to the Deed of Trust. Or in the alternative, the HOA Sale is void, invalid and/or should be set aside.

**78.** Because, upon information and belief, the HOA and the HOA Trustee attempted to sell the Property under an expired and extinguished HOA lien pursuant to NRS 116.3116(6) more than three (3) years after the full amount of the assessments became due, the HOA Sale could not have extinguished the Deed of Trust or displaced it from its first position status in the chain of title, such that SFR took subject to the Deed of Trust. Or in the alternative, the HOA Sale is void, invalid and/or should be set aside.

**79.** Because, upon information and belief, the HOA and the HOA Trustee failed to provide proper, adequate and sufficient notices required by Nevada law and the CC&Rs, the HOA Sale could not have extinguished the Deed of Trust or displaced it from its first position status in the chain of title, such that SFR took subject to the Deed of Trust. Or in the alternative, the HOA Sale is void, invalid and/or should be set aside.

**80.** Based on the adverse claims being asserted by the parties, U.S. Bank is entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

///

///

**81.**     A justiciable controversy exists between U.S. Bank and Defendants and U.S. Bank has a legally protectable interest in the controversy. The issue is ripe for judicial determination.

**82.**     For all the reasons set forth above and in the Factual Background, U.S. Bank is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that U.S. Bank is the beneficiary of a first position Deed of Trust which still encumbers the Property.

**83.**     Based upon the foregoing, U.S. Bank is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that the purported HOA Sale did not extinguish the Deed of Trust because it was conducted in violation of NRS 116.3116 *et seq.* and the CC&Rs.

**84.**     U.S. Bank is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that U.S. Bank's secured interest by virtue of its Deed of Trust is superior to the interest, if any, acquired by SFR through the Foreclosure Deed and all other parties, if any.

**85.**     In the alternative, if it is found under state law that U.S. Bank's interest could have been extinguished by the HOA Sale, for all the reasons set forth above and in the Factual Background, U.S. Bank is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that the HOA Sale was void, invalid and/or should be set aside and conveyed no legitimate interest to SFR.

**86.**     U.S. Bank has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

## SECOND CAUSE OF ACTION

### (Declaratory Relief Under Amendments V and XIV to the United States Constitution versus all Defendants)

**87.**     U.S. Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

///

**88.** Pursuant to 28 U.S.C. § 2201, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the foreclosure sale and the Property.

**89.** On its face, NRS 116.3116 *et seq.*, prior to its amendment effective October 1, 2015, violated U.S. Bank's constitutional rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution. *See Bourne Valley Court Trust v. Wells Fargo Bank*, *N.A.*, 832 F.3d 1154 (9th Cir. 2016).

**90.** Any notice purportedly required by NRS 116.3116 *et seq.*, prior to its amendment effective October 1, 2015, was inadequate, insufficient, and in violation of U.S. Bank's rights to due process.

**91.** An actual and justiciable controversy exists between U.S. Bank and Defendants regarding the purported HOA Sale and the rights associated with the HOA Sale.

**92.** Without declaratory relief interpreting the constitutional validity of NRS 116.3116 *et seq.* prior to its amendment effective October 1, 2015, U.S. Bank's rights will be adversely affected.

**93.** Based upon the foregoing, U.S. Bank requests an order declaring that the purported HOA Sale did not extinguish the Deed of Trust because it was conducted under NRS 116.3116 *et seq.* prior to its amendment effective October 1, 2015, which on its face violated U.S. Bank's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

**94.** U.S. Bank is entitled to a declaration that the purported HOA Sale conducted under NRS 116.3116 *et seq.* did not extinguish the Deed of Trust, which continued as a valid encumbrance against the Property.

**95.** U.S. Bank has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

///

///

///

### THIRD CAUSE OF ACTION

**(Quiet Title Under the Amendments V and XIV to the United States Constitution versus SFR)**

96.    U.S. Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

97.    Pursuant to 28 U.S.C. § 2201 and NRS 40.010, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the foreclosure sale and the Property.

98.    The Deed of Trust is a first secured interest in the Property.  U.S. Bank owns the Deed of Trust and is beneficiary of record of the Deed of Trust.

99.    SFR claims an interest in the Property through the Foreclosure Deed which is adverse to U.S. Bank's interest.

100.    On its face, NRS 116.3116 *et seq*., prior to its amendment effective October 1, 2015, violated U.S. Bank's constitutional rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution and thus did not extinguish the Deed of Trust.  *See Bourne Valley Court Trust v. Wells Fargo Bank*, *N.A.*, 832 F.3d 1154 (9th Cir. 2016).

101.    Any notice purportedly required by NRS 116.3116 *et seq*., prior to its amendment effective October 1, 2015, or purportedly provided was inadequate, insufficient, and in violation of U.S. Bank's rights to due process under the Fifth and Fourteenth Amendment to the United States Constitution.

102.    Based on the adverse claims being asserted by the parties, U.S. Bank is entitled to a judicial determination that the Deed of Trust continues to encumber the Property after the HOA Sale and subsequent transfer via the Foreclosure Deed.

103.    U.S. Bank is entitled to a determination that the HOA Sale (and any subsequent transfers) did not convey the Property free and clear of the Deed of Trust to the SFR at the HOA Sale, and thus that any interest acquired by SFR is subject to the Deed of Trust.

///

104.    U.S. Bank has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### (Permanent and Preliminary Injunction versus SFR)

105.    U.S. Bank incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

106.    As set forth above, SFR may claim an ownership interest in the Property that is adverse to U.S. Bank.

107.    Any sale or transfer of the Property, prior to a judicial determination concerning the respective rights and interests of the parties to the case, may be rendered invalid if U.S. Bank's Deed of Trust still encumbered the Property in first position and was not extinguished by the HOA Sale.

108.    U.S. Bank has a reasonable probability of success on the merits of the Complaint, for which compensatory damages will not compensate U.S. Bank for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the Property.

109.    U.S. Bank has no adequate remedy at law due to the uniqueness of the Property involved in the case.

110.    U.S. Bank is entitled to a preliminary injunction and permanent injunction prohibiting SFR, its successors, assigns, and agents from conducting any sale, transfer or encumbrance of the Property if it is claimed to be superior to U.S. Bank's Deed of Trust or not subject to that Deed of Trust.

111.    U.S. Bank is entitled to a preliminary injunction requiring SFR to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

112.    U.S. Bank is entitled to a preliminary injunction requiring SFR to segregate and deposit all rents with the Court or a Court-approved trust account over which SFR has no control during the pendency of this action.

///

113.    U.S. Bank has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment versus SFR)

114.    U.S. Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

115.    U.S. Bank has been deprived of the benefit of its secured deed of trust by the actions of SFR.

116.    SFR has benefitted from the unlawful HOA Sale and nature of the real property.

117.    SFR has benefitted from U.S. Bank's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

118.    Should U.S. Bank's Complaint be successful in quieting title against SFR and setting aside the HOA Sale, SFR will have been unjustly enriched by the HOA Sale and usage of the Property.

119.    U.S. Bank will have suffered damages if SFR is allowed to retain its interest in the Property.

120.    U.S. Bank will have suffered damages if SFR is allowed to retain its interest in the Property and the benefit of U.S. Bank's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

121.    U.S. Bank is entitled to general and special damages.

122.    U.S. Bank has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

## SIXTH CAUSE OF ACTION

### (Tortious Interference with Contract versus HOA and HOA Trustee)

123.    U.S. Bank incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

124.    At all times mentioned, U.S. Bank had a valid and existing contract with the Borrowers, and the contract terms included the power of sale in the Deed of Trust.

125.    The Deed of Trust evidencing the contract was and is a matter of public record, and therefore known to Premier.

126.    Defendants engaged in acts intended or designed to disrupt the contractual relationship between U.S. Bank and the Borrowers by ostensibly electing to enforce the "super priority" rights of the Association through a power of sale, notwithstanding: (i) the covenants contained in the CC&R's; (ii) no notice to U.S. Bank or its predecessors in interest of the intent to do so; (iii) no notice to U.S. Bank or its predecessors in interest of the foreclosure proceedings; and (iv) failing to provide an opportunity to cure to U.S. Bank before the sale.

127.    At all times the HOA could have elected to honor the covenant in its CC&R's evidenced by the Mortgagee Protection Clause and chosen not to enforce the super priority portion of its lien, or to do so only after ensuring U.S. Bank had notice and was prepared to waive its rights to foreclose under the Deed of Trust.

128.    U.S. Bank's contractual rights to enforce the power of sale have been disrupted and frustrated through Defendants' actions.

129.    As an actual and proximate result of the Defendants' actions and inactions, U.S. Bank has sustained general and special damages.

130.    As an actual and proximate result of Defendants' actions and inactions, U.S. Bank has sustained special damages, in the form of costs and attorney's fees, in an amount not yet liquidated, to defend its rights under the Deed of Trust in this action.

## SEVENTH CAUSE OF ACTION

### (Wrongful/Defective Foreclosure versus the HOA and the HOA Trustee)

131.    U.S. Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

132.    Upon information and belief, the HOA and HOA Trustee did not comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168.

133.    The HOA and HOA Trustee failed to provide notice pursuant to Nevada law and assure due process.

///

**134.**    Because the HOA Sale was wrongfully conducted and violated applicable law, the Court should set it aside to the extent that it purports to have extinguished the Deed of Trust.

**135.**    Because the HOA Sale was not commercially reasonable, it was invalid, wrongful and should be set aside.

**136.**    Because the HOA and HOA Trustee did not give U.S. Bank, or its agents, servicers or predecessors-in-interest, the proper, adequate notice of the sale and the opportunity to cure the deficiency or default in the payment of the HOA's assessments required by Nevada statutes, the CC&R's, and Due Process, the HOA Sale should be set aside.

**137.**    As a proximate result of the HOA and HOA Trustee's wrongful/ statutorily defective foreclosure of the Property by the HOA Sale, as more particularly set forth above and in the General Allegations, U.S. Bank has suffered general and special damages in an amount not presently know.  U.S. Bank will seek leave of court to assert said amounts when they are determined.

**138.**    If it is determined that the Deed of Trust has been extinguished by the HOA Sale as a proximate result of HOA and HOA Trustee's wrongful foreclosure of the Property by the HOA Sale, U.S. Bank has suffered special damages in the amount equal to the fair market value of the Property or the unpaid balance of the Moncada Loan, plus interest, at the time of the HOA Sale, whichever is greater, in an amount not presently known or liquidated, and according to proof at trial.

**139.**    U.S. Bank is entitled to general and special damages.

**140.**    U.S. Bank has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## EIGHTH CAUSE OF ACTION

### (Negligence versus the HOA and the HOA Trustee)

**141.**    U.S. Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

**142.**    The HOA and HOA Trustee owed a duty to U.S. Bank and subordinate lienholders to conduct the HOA Sale at issue in this case properly.

143.    The HOA and HOA Trustee breached their duty by failing to disclose the amount of the super-priority lien, by failing to specify that it was foreclosing on the super-priority portion of its lien as opposed to the non-super-priority portion, and by failing to provide notice of the HOA Sale and the notice that U.S. Bank and subordinate lienholders had an opportunity to cure.

144.    As an actual and proximate result of the breaches of duties owed by the HOA and HOA Trustee, U.S. Bank has incurred general and special damages.

145.    If U.S. Bank is found to have lost its first secured interest in the Property, it was the proximate result of the HOA and HOA Trustee's breaches of their duties, and U.S. Bank has thereby suffered general and special damages.

146.    U.S. Bank has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### NINTH CAUSE OF ACTION

**(Negligence Per Se versus the HOA and the HOA Trustee)**

147.    U.S. Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

148.    NRS Chapter 116 imposes a duty on homeowners associations to conduct HOA foreclosure sales in a manner that is consistent with its provisions and, by reference, the provisions of NRS 107.090.

149.    The HOA and HOA Trustee breached the statutory duties imposed by NRS Chapter 116 by proceeding with the HOA foreclosure sale; and by proceeding with the sale without notice that the successful bidder would take title subject to the Deed of Trust.

150.    The HOA and HOA Trustee violated NRS 116.31162(1)(b)(1) by failing to disclose the correct amount in deficiency.

151.    The HOA and HOA Trustee violated NRS 116.3116 et. Seq. by failing to give proper notice to U.S. Bank.

152.    U.S. Bank is a member of the class of persons whom NRS Chapter 116 is intended to protect.

153.    The injury that U.S. Bank faces—extinguishments of the Deed of Trust—is the type of harm against which NRS Chapter 116 is intended to protect

154.    As a proximate result of HOA and the HOA Trustee's breaches of their duties, U.S. Bank has incurred general and special damages to defend its title in this action, in an amount not yet liquidated.

155.    If it is determined that the Deed of Trust was extinguished and U.S. Bank is found to have lost its first-position secured interest in the Property, U.S. Bank's loss was actually and proximately caused by the actions and inactions of the HOA and the HOA Trustee, and the breaches of their statutory duties, and U.S. Bank has thereby suffered general and special damages, which are not yet liquidated.

156.    U.S. Bank has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### TENTH CAUSE OF ACTION

**(Breach of Contract versus the HOA and the HOA Trustee)**

157.    U.S. Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

158.    U.S. Bank is an intended beneficiary of the HOA's CC&Rs.

159.    The HOA and HOA Trustee breached the obligations, promises, covenants and conditions of the CC&Rs owed to U.S. Bank by the circumstances under which they conducted the HOA Sale of the Property.

160.    The HOA and HOA Trustee breaches of the obligations, promises, covenants and conditions of the CC&Rs proximately caused U.S. Bank general and special damages.

161.    U.S. Bank has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### ELEVENTH CAUSE OF ACTION

**(Misrepresentation versus the HOA and the HOA Trustee)**

162.    U.S. Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

163.    U.S. Bank is within the class of persons or entities that the HOA intended or had reason to expect to act or to refrain from action in reliance upon the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause.

164.    U.S. Bank justifiably relied upon the provisions of the CC&Rs and NRS 116.3116(2)(b) in giving consideration for the Deed of Trust, and the Moncada Loan it secures, and the HOA intended or had reason to expect their conduct would be influenced.

165.    The HOA's misrepresentations in the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause, were false or it had an insufficient basis for making the representations.

166.    The HOA and the HOA Trustee had a pecuniary interest in having U.S. Bank rely on the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause.

167.    The HOA and HOA Trustee failed to exercise reasonable case or competence in communication the information within the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause, were false or it had insufficient basis for making.

168.    The HOA and HOA Trustee acted in contravention to the provisions in the CC&Rs, including without limitation, the Mortgagee Protection Clause, when they conducted the HOA Sale in a manner that could extinguish the Deed of Trust.

169.    U.S. Bank has suffered general and specific damages as a proximate cause of its reliance.

170.    U.S. Bank has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## TWELFTH CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing versus the HOA and the HOA Trustee)

171.    U.S. Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

172.    Implicit in every contract in the state of Nevada is an implied covenant of good faith and fair dealing.

**173.**   U.S. Bank was an intended beneficiary of the HOA's CC&Rs.

**174.**   The HOA and HOA Trustee breached the duties, obligations, promises, covenants and conditions, express and implied, in the CC&Rs owed to U.S. Bank by the circumstances under which they conducted the HOA Sale and failed to act in good faith.

**175.**   The HOA and HOA Trustee acts and omissions proximately caused U.S. Bank general and special damages.

**176.**   U.S. Bank has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

<u>**PRAYER**</u>

Wherefore, U.S. Bank prays for judgment against the Defendants as follows:

1.   For a declaration and determination that U.S. Bank's interest is secured against the Property, and that U.S. Bank's first Deed of Trust was not extinguished by the HOA Sale;

2.   For a declaration and determination that SFR's interest, and any and all successors' interest, in the Property, if any, is subject to the Deed of Trust;

3.   For a declaration and determination that the HOA Sale was invalid to the extent it purports to convey the Property free and clear to SFR;

4.   In the alternative, for a declaration and determination that the HOA Sale was void, invalid and/or should be set aside and conveyed no legitimate interest to SFR;

5.   In the alternative, for a declaration and determination that the HOA Foreclosure Sale did not extinguish the Deed of Trust because it was conducted under a statute that facially violated U.S. Bank's rights to due process;

6.   For a preliminary injunction that SFR, its successors, assigns, and agents are prohibited from conducting a sale or transfer of the Property and representing the sale is free and clear of the Deed of Trust, unless SFR tenders payment of the debt secured by the Deed of Trust, or from encumbering the Property during the pendency of this action;

7.    For a preliminary injunction that SFR, its successors, assigns, and agents pay all taxes, insurance and homeowner's association dues during the pendency of this action;

8.    For a preliminary injunction that SFR, its successors, assigns, and agents be required to segregate and deposit all rents with the Court or a Court-approved trust account over which SFR have no control during the pendency of this action;

9.    If it is determined that U.S. Bank's Deed of Trust has been extinguished by the HOA Sale, for special damages in the amount of the fair market value of the Property or the unpaid balance of the Moncada Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater;

10.    For general and special damages;

11.    For attorney's fees;

12.    For costs incurred herein, including post-judgment costs; and

13.    For any and all further relief deemed appropriate by this Court.

DATED this 15th day of June, 2017.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Yanxiong Li, Esq.*
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Yanxiong Li, Esq.
Nevada Bar No. 12807
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
yli@wrightlegal.net
*Attorneys for Plaintiff, U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Loan Trust 2007-BNC1, Mortgage Pass-Through Certificates, Series 2007-BNC1*

| INDEX OF EXHIBITS | |
|---|---|
| **EXHIBIT NUMBER** | **DESCRIPTION** |
| #1 | Quitclaim Deed |
| #2 | Grant Deed |
| #3 | Deed of Trust |
| #4 | Assignment of Deed of Trust |
| #5 | Corrective Assignment of Deed of Trust |
| #6 | Notice of Delinquent Assessment Lien |
| #7 | Notice of Default and Election to Sell under Homeowners Association Lien |
| #8 | Notice of Foreclosure Sale |
| #9 | Notice of Foreclosure Sale |
| #10 | Foreclosure Deed |
| #11 | Declaration of Covenants, Conditions and Restrictions for Los Prados |