# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff(s),

v.

SFR INVESTMENTS POOL 1, LLC, et al.,

    Defendant(s).

Case No.: 2:17-cv-01677-JCM-NJK

**Order**

Pending before the Court is an order for attorneys Yanxiong Li and Adam Knecht to show cause in writing, no later than March 15, 2019, why they should not be sanctioned in a fine of up to $500 each. Docket No. 87. Mr. Li filed a response. Docket No. 88. Mr. Knecht did not respond.

**I. BACKGROUND**

The parties and their counsel have had multiple problems getting this case wrapped up. Plaintiff and the HOA recently filed a supplemental status report specifically requesting that they have until March 7, 2019 to file dismissal papers or an updated status report. Docket No. 85 at 2. The Court then granted that request, ordering that "dismissal papers or a further status report for the claims involving the HOA shall be filed by March 7, 2019." Docket No. 86. Notwithstanding that they themselves proposed this deadline, Plaintiff and the HOA did not comply with it. The instant order to show cause relates to whether counsel for Plaintiff (Mr. Li) and counsel for the HOA (Mr. Knecht) should be sanctioned.

1

## II. STANDARDS

Orders are not suggestions or recommendations, they are directives with which compliance is mandatory. *See, e.g.*, *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979); *see also Weddell v. Stewart*, 261 P.3d 1080, 1085 & n.9 (Nev. 2011). Rule 16(f) of the Federal Rules of Civil Procedure provides for sanctions for non-compliance with any "scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Minute orders constitute "orders" for purposes of Rule 16(f). *See, e.g.*, *Gfeller v. Doyne Med. Clinic, Inc.*, 2015 WL 5210392, at *8 (D. Nev. Sept. 3, 2015).

Violations of orders setting deadlines are neither technical nor trivial, but instead "involve a matter most critical to the court itself: management of its docket and the avoidance of unnecessary delays in the administration of its cases." *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting *Matter of Sanction of Baker*, 774 F.2d 1440, 1441 (10th Cir. 1984) (en banc) (internal quotations omitted)). Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (per curiam). When a court determines that Rule 16(f) has been triggered, it has broad discretion in fashioning an appropriate sanction. *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993). While not expressly enumerated, the imposition of court fines is within the scope of the "just orders" permitted by Rule 16(f). *See, e.g., Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-96 (8th Cir. 2001). In determining the appropriate sanction, a primary objective is to deter similar misconduct. *See, e.g.*, *Martin Family Trust*, 186 F.R.D. at 604.

## III. ANALYSIS

In responding to the order to show cause, Mr. Li represents that his violation of the above order stems from a firm-wide transition of server systems. Docket No. 88 at 2. In particular, Mr. Li indicates that this transition unexpectedly impacted the firm's calendaring system such that his internal notification was not provided to him with respect to the March 7 deadline set by the Court. *See id.* Given the circumstances, the Court **CAUTIONS** Mr. Li that he and his firm must put in

place proper safeguards to ensure compliance with the Court's orders moving forward, but the Court otherwise **DISCHARGES** the order to show cause with respect to Mr. Li.

On the other hand, Mr. Knecht did not respond to the order to show cause at all. As such, he violated yet another order—the order to show cause itself, which required Mr. Knecht to respond in writing. *See* Docket No. 87 at 2. Moreover, Mr. Knecht has provided no justification of any kind as to why he violated the order at Docket No. 86. Given the violation of a clear order and the provision of no explanation of any kind with respect to Mr. Knecht, the Court **SANCTIONS** him in the form of a $200 fine. The Court believes that sanction is necessary and appropriate to deter future violations. This sanction is to be paid personally by Mr. Knecht and shall not be passed on in any way to his client. Payment of the fine shall be made to the "Clerk, U.S. District Court" no later than April 1, 2019. Mr. Knecht is also ordered to file a proof of payment on the docket by that date. The Court also **CAUTIONS** Mr. Knecht that the Court expects strict compliance with all orders moving forward.

**IV. CONCLUSION**

For the reasons discussed above, the Court hereby **CAUTIONS** both Mr. Li and Mr. Knecht. In addition, the Court **SANCTIONS** Mr. Knecht in a fine of $200. In all other respects, the order to show cause is **DISCHARGED**.

IT IS SO ORDERED.

Dated: March 18, 2019

_____
Nancy J. Koppe
United States Magistrate Judge